# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **RORY JECH**<br>3714 Wood Avenue<br>Parma, OH 44134 | Case No. |
| | JUDGE |
| Plaintiff, | MAGISTRATE JUDGE |
| v. | **COMPLAINT FOR DAMAGES** |
| **NATIONSTAR MORTGAGE LLC d.b.a. MR. COOPER**<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Rory Jech, through counsel, states as follows for his complaint against Defendant Nationstar Mortgage LLC d.b.a. Mr. Cooper:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Rory Jech ("Plaintiff" or "Jech") owns real property located at and commonly known as 3714 Wood Avenue, Parma, OH 44134 (the "Property").

2.     Plaintiff maintains the Property as his primary, principal residence and has done so for all times relevant to this matter.

3.     On or about November 5, 2009, Plaintiff borrowed money and executed a note in the amount of $62,840.00 payable to American Midwest Mortgage Corporation ("AMWC"), not a party to this action (the "Note"), and granted a contemporaneous mortgage on the Property to AMWC (the "Mortgage") to secure payment of the Note (collectively, the "Loan"). *A copy of the documents comprising the Loan is attached as **Exhibit 1**.*

4.     Defendant Nationstar Mortgage LLC d.b.a. Mr. Cooper ("Defendant" or "Mr. Cooper") is the current servicer of the Loan and has serviced the Loan at all times relevant to this matter.

5.     Jurisdiction over the claims against Mr. Cooper is conferred by 28 U.S.C. § 1331 as this action arises primarily under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. ("RESPA").

6.     This action is brought to enforce regulations promulgated by the Consumer Financial Protection Bureau ("CFPB") that became effective on January 10, 2014, specifically, 12 C.F.R. §§ 1024.35 and 1024.36 of Regulation X.

7.     This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

8.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

## SUMMARY OF CLAIMS

9.     In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

10.     Specifically, on January 17, 2013, the CFPB issued RESPA (Regulation X) Mortgage Servicing Final Rules,  78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

11.     The Loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2(b).

12.     Mr. Cooper is subject to Regulation X and neither qualifies for an exception for "small servicers", as defined in 12 C.F.R. § 1026.41(e)(4), nor the exemption for a "qualified lender", as defined in 12 C.F.R. § 617.700.

13.     Mortgage servicers are prohibited from failing "to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).[1]

14.     Mortgage servicers are prohibited from failing "to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of [RESPA]." 12 U.S.C. § 2605(k)(1)(E).

15.     Plaintiff asserts claims for relief against Defendant for violations of the specific rules set forth in RESPA and Regulation X as set forth *infra*.

16.     Plaintiff asserts a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) and any such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

---

[1] "The Bureau believes that standard servicer duties are those typically undertaken by servicers in the ordinary course of business. Such duties include not only the obligations that are specifically identified in section 6(k)(1)(C) of RESPA, but also those duties that are defined as ''servicing'' by RESPA, as implemented by this rule, as well as duties customarily undertaken by servicers to investors and consumers in connection with the servicing of a mortgage loan. These standard servicer duties are not limited to duties that constitute ''servicing,'' as defined in this rule, and include, for example, duties to comply with investor agreements and servicing program guides, to advance payments to investors, to process and pursue mortgage insurance claims, to monitor coverage for insurance (e.g., hazard insurance), to monitor tax delinquencies, to respond to borrowers regarding mortgage loan problems, to report data on loan performance to investors and guarantors, and to work with investors and borrowers on options to mitigate losses for defaulted mortgage loans." 78 Fed. Reg. 10696, 10739.

17.     Plaintiff also asserts a common law claims for breach of contract.

## STATEMENT OF FACTS

18.     In or around March 2014, Jech suffered a financial setback and became delinquent on his periodic payment obligations under the Loan.

19.     On or prior to June 25, 2014, Jech remitted, and Mr. Cooper received, certified funds in an amount sufficient to reinstate the Loan and cure any delinquency thereunder (the "Reinstatement Funds"). *Photographic evidence of the certified checks comprising the Reinstatement Funds is attached as **Exhibit 2***.

20.     Despite Jech's remittance of and Mr. Cooper's receipt of the Reinstatement Funds on or prior to June 25, 2014, on or about August 13, 2014, Mr. Cooper filed a foreclosure complaint against Jech in the Court of Common Pleas for Cuyahoga County, Ohio, initiating the matter assigned Case No. CV-14-931239 (the "Foreclosure"). *A copy of the docket entries in the Foreclosure is attached as **Exhibit 3***.

21.     Mr. Cooper subsequently filed a motion to dismiss the Foreclosure without prejudice pursuant to Civ.R. 41(a)(2) on or about September 3, 2014 (the "Motion"), which the Court granted on September 8, 2014. *A copy of the Motion is attached as **Exhibit 4**; see also, Exhibit 3*.

22.     Through the Motion, Mr. Cooper explicitly admitted that it had "accepted sufficient funds to reinstate the subject loan from [Jech]". *See Exhibit 4*.

23.     Since remitting the Reinstatement Funds on or prior to June 25, 2014, Jech has remained current on his obligations under the Loan.

24.     Despite remaining current on his obligations under the Loan since remitting the Reinstatement Funds, Mr. Cooper began to send periodic mortgage statements to Jech indicating that Jech was responsible for fees and charges imposed by Mr. Cooper.

25.     On or about November 19, 2018, Mr. Cooper sent a periodic mortgage statement stating that in addition to his periodic mortgage payment due and owing for December 1, 2018, that Jech owed $479.91 for "TOTAL FEES & CHARGES" and that there were "LENDER PAID EXPENSES" on the Loan totaling $3,611.35 comprised of $310.40 for "PROPERTY INSPECTIONS (10/22/2018)" and $3,300.95 for "LEGAL FEES" (the "December 2018 Statement"). *A copy of the December 2018 Statement is attached as **Exhibit 5**.*

26.     As Jech had reinstated the Loan and subsequently remained current on his obligations under the Loan, Mr. Cooper had no reasonable basis to impose any fees against the Loan and the only amounts due and owing on the Loan should have been for amounts coming due for principal, interest, and escrow payments on the Loan.

27.     Jech subsequently retained the services of DannLaw to investigate the issues regarding the aforementioned fees Mr. Cooper claims are due and owing on the Loan.

28.     Jech, through counsel, sent three (3) pieces of correspondence dated January 31, 2019, each classified as a request for information pursuant to 12 C.F.R. § 1024.36, to Mr. Cooper at the address designated by Mr. Cooper for the receipt of notices of error and requests for information pursuant to 12 C.F.R. §§ 1024.35(c) and 1024.36(b), respectively (the "Designated Address"),via Certified U.S. Mail, specifically:

a.    Correspondence captioned "Request for Payoff Statement Pursuant to 12 C.F.R. § 1026.36(c)(3)" [Tracking No. 70142120000306707299] ("RFI #1");

b.    Correspondence captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2)" [Tracking No. 7014212000306707312] ("RFI #2"); and,

c.    Correspondence captioned "Request for Information Pursuant to 12 C.F.R. § 1024.36 [Tracking No. 70142120000306707305] ("RFI #3").

*A copy of RFI #1 is attached as **Exhibit 6**; a copy of RFI #2 is attached as **Exhibit 7**; and, a copy of RFI #3 is attached as **Exhibit 8**.*

29.    Mr. Cooper received RFI #1, RFI #2, and RFI #3 (collectively, the "RFIs") at the Designated Address on February 12, 2019. *A copy of the tracking information for each of the RFIs obtained from the website for the United States Postal Service (www.usps.com) is attached as **Exhibit 9**.*

30.    In response to RFI #1, Mr. Cooper sent a "MORTGAGE PAYOFF STATEMENT" dated February 13, 2019 to Jech (the "Payoff Statement"). *A copy of the Payoff Statement is attached as **Exhibit 10**.*

31.    Through the Payoff Statement, Mr. Cooper claimed, in addition to principal and interest due and owing on the Loan, that Jech owes and is responsible for the following amounts:

a.    Deferred Late Fees in the amount of $473.97;

b.    Deferred NSF Fees in the amount of $50.00; and,

c.    Lender Paid Expenses in the amount of $3,611.35.

*See Exhibit 10.*

32.     Jech did not receive any further correspondence or communication from Mr. Cooper regarding the RFIs.

33.     In an attempt to obtain the information requested by and through RFI #2 to which the Plaintiff is legally entitled, namely, the identity of and contact information for the owner and/or investor of the Loan, Plaintiff subsequently sent correspondence dated March 19, 2019 captioned "Notice of error pursuant to 12 C.F.R. § 1024.35(b)(11) for failure to properly respond to requests for information as required by 12 C.F.R. §1024.36(d)" to Mr. Cooper at the Designated Address via Certified U.S. Mail [Tracking No. 70142120000306723558] noticing one (1) error related to the Loan for Mr. Cooper's failure to respond to RFI #2 ("NOE #1"). *A copy of NOE #1 is attached as **Exhibit 11**.*

34.     Mr. Cooper received NOE #1 at the Designated Address on March 26, 2019. *A copy of the tracking information for NOE #1 obtained from the USPS's website (www.usps.com) is attached as **Exhibit 12**.*

35.     Jech did not receive any correspondence or communication from Mr. Cooper regarding NOE #1.

36.     In an attempt to obtain the information requested by and through RFI #2 (again) and RFI #3 to which the Plaintiff is legally entitled and to have Mr. Cooper investigate issues related to the fees imposed against the Loan by Mr. Cooper, Plaintiff sent correspondence dated March 19, 2019 captioned "Notice of Errors pursuant to 12 C.F.R. § 1024.35(b)(5) for imposition of fees for which there was no reasonable basis to impose; Notice of Error[] for violation of 12 C.F.R. § 1024.35(b)(11) for violation of 12 C.F.R. § 1024.36 or failing to

properly respond to [a] Request[] for Information; Notice of Error[] pursuant to 12 C.F.R. § 1024.35(b)(11) for violation of 12 C.F.R. § 1024.35 for failing to properly respond to a Notice of Error" to Mr. Cooper at the Designated Address via Certified U.S. Mail [Tracking No. 70142120000306558723] ("NOE #2"). *A copy of NOE #2 is attached as **Exhibit 13**.*

37.     Mr. Cooper received NOE #2 at the Designated Address on July 24, 2019. *A copy of the tracking information for NOE #2 obtained from the USPS's website (www.usps.com) is attached as **Exhibit 14**.*

38.     Through NOE #2, Jech alleged that Mr. Cooper committed the following errors related to the Loan:

      a.     Several errors pursuant to 12 C.F.R. § 1024.35(b)(5)  related to the imposition of fees, described *supra*, one (1) such error for each fee improperly imposed against the Loan;

      b.     An error pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to provide response to RFI #3 in violation of 12 C.F.R. § 1024.36; and,

      c.     An error pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to respond to NOE #1 in violation of 12 C.F.R. § 1024.35(e).

*See Exhibit 13*.

39.     Jech did not receive any correspondence or communication from Mr. Cooper regarding NOE #2.

40.     In *another* attempt to obtain the information requested through RFI #2 and RFI #3 and have Mr. Cooper investigate the errors alleged through NOE #1 and NOE #2, Plaintiff sent correspondence dated March 19, 2019 captioned "Notice of errors pursuant to 12 C.F.R.

§1024.35(b)(11) for failing to acknowledge or respond to a notice of error as required by 12 C.F.R. § 1024.35" to Mr. Cooper at the Designated Address via Certified U.S. Mail [Tracking No. 70151520000166163967] ("NOE #3"). *A copy of NOE #3 is attached as **Exhibit 15**.*

41.     Mr. Cooper received NOE #3 at the Designated Address on September 17, 2019. *A copy of the tracking information for NOE #3 obtained from the USPS's website (www.usps.com) is attached as **Exhibit 16**.*

42.     Through NOE #3, Jech alleged that Mr. Cooper committed the following errors related to the Loan:

>       a.      An error pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to provide written notice to Jech acknowledging receipt of NOE #2 in violation of 12 C.F.R. § 1024.35(d); and,
>
>       b.      An error pursuant to 12 C.F.R. § 1024.35(b)(11) for failing to respond to NOE #1 in violation of 12 C.F.R. § 1024.35(e).

*See Exhibit 15*.

43.     Mr. Cooper's actions in failing to provide written notice acknowledging receipt of and in response to RFI #2, RFI #3, NOE #1, and NOE #2, constitutes and is part of a pattern and practice of behavior in violation of Jech's rights and in abdication of Mr. Cooper's responsibilities under RESPA.

### DAMAGES AND IMPACT ON PLAINTIFF

44.     To date, Mr. Cooper has not provided the information requested through RFI #2 and RFI #3 or performed a reasonable investigation into the errors asserted through NOE #1 and NOE #2, rendering Jech incapable of determining the validity of amounts claimed due and owing

on the Loan, with such uncertainty being of significant concern to Jech considering that Mr. Cooper previously filed the Foreclosure despite the remittance of the Reinstatement Funds.

45.     Due to Mr. Cooper's actions, Jech has wrongfully been charged a number of impermissible fees that Mr. Cooper has no reasonable basis to impose and has had such amounts claimed due and owing on his credit profile.

46.     Mr. Cooper's improper actions have further caused Jech to suffer from other damages including:

a.     Legal fees and expenses to submit requests for information and notices of error to Mr. Cooper in an attempt to have it act in accordance with the terms of the Loan as well as state and federal law and guidelines;

b.     The Loan has been assessed improper fees and charges now claimed due and owing from Jech;

c.     Severe emotional distress driven by these fees and uncertainty and Mr. Cooper's refusal to respond to reasonable attempts to ameliorate the situation and by fear that these accounting issues and improper fees would be the start of a slippery slope leading to a potential default and foreclosure unless Jech pays for fees which are not warranted which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

47.     Throughout this ordeal, Jech hasa timely fulfilled all of his obligations on the Loan since the remittance of the Reinstatement Funds and has simply wanted to be able to enjoy

the benefit of the same and have his payments applied properly without fear of unwarranted fees and allegations of delinquency.

**PATTERN AND PRACTICE OF REGULATION X VIOLATIONS BY MR. COOPER**

48.     Mr. Cooper's actions are part of a pattern and practice of behavior in violation of Plaintiff's rights and in abdication and contravention of Mr. Cooper's obligations under the mortgage servicing regulations set forth in Regulation X of RESPA.

49.     At the time of the filing of this Complaint, Mr. Cooper has had One Hundred Eighty-Nine (189) consumer complaints lodged against it specifically concerning the issue identified on the CFPB's consumer complaint database as "loan modification, collection, foreclosure" related to mortgages with each such complaint being filed and cataloged in the CFPB's publicly accessible online database (https://www.consumerfinance.gov/data-research/consumer-complaints/).

50.     As of the filing of this Complaint, Mr. Cooper has had Six Thousand Seven Hundred Thirty Nine (6,739) consumer complaints lodged against it nationally specifically concerning the issue identified on the CFPB's consumer complaint database as "loan servicing, payments, escrow account" related to mortgages with each such complaint being filed and cataloged in the CFPB's publicly accessible online database (https://www.consumerfinance.gov/data-research/consumer-complaints/).

51.     Jech has reviewed the CFPB's consumer complaint database and has identified fifteen (15) complaints from other borrowers alleging RESPA violations by Mr. Cooper which evidence conduct demonstrating that Mr. Cooper has engaged in a pattern and practice of violating RESPA with respect to other borrowers. *The aforementioned consumer complaints are*

attached as **Exhibit 17** *with the date, details, and a narrative disclosed by each consumer set forth in each complaint.*

## COUNT ONE: BREACH OF CONTRACT

52.     Plaintiff restates and incorporates all of his statements and allegations contained in paragraphs 1 through 51, in their entirety, as if fully rewritten hereon.

53.     The Loan is a contract between Jech and Mr. Cooper. *See Exhibit 1.*

54.     Plaintiff has remained current on all of his obligations under the Loan at all times relevant to this Complaint since the remittance of the Reinstatement Funds.

55.     Mr. Cooper breached the Loan by stating through the December 2018 Statement, and thereafter through the Payoff Statement and subsequent periodic billing statements, that in addition to his periodic mortgage payment due and owing for December 1, 2018, and thereafter, that Jech owes at least $479.91 for "TOTAL FEES & CHARGES" and by claiming that Jech is responsible there were "LENDER PAID EXPENSES" on the Loan totaling $3,611.35 comprised of $310.40 for "PROPERTY INSPECTIONS (10/22/2018)" and $3,300.95 for "LEGAL FEES". *See Exhibits 5 and 10.*

56.     Mr. Cooper breached the contract in bad faith as evidenced by its failures to correct the breach despite being put on notice of the same through NOE #1 and NOE #2 (collectively, the "NOEs"). *See Exhibits 12 and 14.*

57.     As pled, *supra*, Jech have been harmed by, and continues to suffer from harm from Mr. Cooper's breach of the Loan as Jech has wrongfully been been charged unwarranted fees and costs, has suffered harm to his credit rating, and has incurred legal fees, expenses, and

costs to submits the RFIs and subsequent NOEs in an attempt to investigate such issues which were exacerbated by Mr. Cooper's refusal to provide any written acknowledgments or responses.

58.    In addition, Mr. Cooper's intentional and knowing conduct has caused Jech to suffer severe emotional distress driven by these fees and uncertainty and Mr. Cooper's refusal to respond to reasonable attempts to ameliorate the situation and by fear that these accounting issues and improper fees would be the start of a slippery slope leading to a potential default and foreclosure unless Jech pays for fees which are not warranted which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress.

59.    Jech's extreme emotional distress is a foreseeable result of Mr. Cooper's breach of the Loan.

60.    As a result of Mr. Cooper's actions, Mr. Cooper is liable to Jech for actual damages as further alleged, *supra*, as well as reasonable attorneys' fees and costs.

### COUNT TWO:
### VIOLATIONS OF 12 C.F.R. §§ 1024.36(c) AND 12 U.S.C. § 2605(k)(1)(E)

**[Failure to send written notice acknowledging receipt of two (2) separate requests for information]**

61.    Plaintiff restates and incorporates his statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein.

62.    12 C.F.R. § 1024.36(c) provides that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request."

63.     12 U.S.C. § 2605(k)(1)(E) provides that "[a] servicer of a federally related mortgage shall not … fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

64.     RFI #2 and RFI #3 each constitute a request for information as defined by 12 C.F.R. § 1024.36(a) as each is a "written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan.." *See Exhibits 7 and 8.*

65.     Plaintiff sent RFI #2 and RFI #3 to the Designated Address and Mr. Cooper received each of the same at such address. *See Exhibits 7, 8, and 9.*

66.     Mr. Cooper failed to send written notice acknowledging its receipt of RFI #2 and RFI #3   in a timely manner as required by 12 C.F.R. § 1024.36(c) which constitutes two (2) clear, distinct, and separate violations of the same, one (1) such violation for each of the requests for information that Mr. Cooper failed to timely acknowledge in writing.

67.     Mr. Cooper's actions in failing to acknowledge RFI #2 and RFI #3 are part of a pattern and practice of behavior in violation of Plaintiff's rights and in abdication of Defendant's responsibilities under RESPA.

68.     As a result of Mr. Cooper's actions, Mr. Cooper is liable to Plaintiff for statutory damages and actual damages as further described, *supra*, including but not limited to but not limited to costs and fees for the preparation and mailing of NOE #1, NOE #2, and NOE #3 which would not have been necessary, in party, but for Mr. Cooper's failure to properly acknowledge

and respond to RFI #2 and RFI #3. 12 U.S.C. § 2605(f)(1). *See Exhibits 11, 13, and 15*; see also 12 U.S.C. § 2605(f)(1).

69.     Additionally, Plaintiff requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

**COUNT THREE:**
**VIOLATIONS OF 12 C.F.R. §§ 1024.36(c) AND 12 U.S.C. §§ 2605(k)(1)(D) and (E)**

**[Failure to send a written response to two (2) separate requests for information]**

70.     Plaintiff restates and incorporates his statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein.

71.     Comment 1 of the Official Interpretations of the CFPB to 12 C.F.R. § 1024.36(a) provides that "[a]n information request is submitted by a borrower if the information request is submitted by an agent of the borrower."

72.     12 C.F.R. § 1024.36(d)(1) provides, in relevant part, that:

> [A] servicer must respond to an information request by either:
> (i)  Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
> (ii) Conducting a reasonable search for the requested information and providing the borrower with a written notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance.

73.     Furthermore, 12 C.F.R. § 1024.36(d)(2)(i) provides that:

> A servicer must comply with the requirements of paragraph (d)(1) of this section:
> (A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other

relevant contact information for, the owner or assignee of a
mortgage loan; and

(B) For all other requests for information, not later than 30 days
(excluding legal public holidays, Saturdays, and Sundays)
after the servicer receives the information request.

74.     12 U.S.C. § 2605(k)(1)(D) provides that a servicer of a federally related mortgage
shall not "[f]ail to respond within 10 business days to a request from a borrower to provide the
identity, address, and other relevant contact information about the owner or assignee of the
loan."

75.     12 U.S.C. § 2605(k)(1)(E) provides that "[a] servicer of a federally related
mortgage shall not … fail to comply with any other obligation found by the Bureau of Consumer
Financial Protection, by regulation, to be appropriate to carry out the consumer protection
purposes of this chapter."

76.     RFI #2 and RFI #3 each constitute a request for information as defined by 12
C.F.R. § 1024.36(a) as each is a "written request for information from a borrower that includes
the name of the borrower, information that enables the servicer to identify the borrower's
mortgage loan account, and states the information the borrower is requesting with respect to the
borrower's mortgage loan.." *See Exhibits 7 and 8.*

77.     Plaintiff sent RFI #2 and RFI #3 to the Designated Address and Mr. Cooper
received each of the same at such address. *See Exhibits 7, 8, and 9.*

78.     Pursuant to 12 C.F.R. § 1024.36(d)(2)(i)(A), Mr. Cooper was required to provide
written correspondence to Plaintiff in response to the request for the identity of and contact
information for the owner and/or investor of the Loan as requested through RFI #2 "not later
than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer

receive[d the] information request" in compliance with the requirements of 12 C.F.R. § 1024.36(d)(1). *See Exhibit 7*.

79.     Pursuant to 12 C.F.R. § 1024.36(d)(2)(i)(B), Mr. Cooper was required to provide written correspondence to Plaintiff in response to RFI #3 "not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receive[d] the information request", in compliance with the requirements of 12 C.F.R. § 1024.36(d)(1). *See Exhibit 8*.

80.     Mr. Cooper failed to provide written notice to Plaintiff containing or consisting of a substantive response to any of the requests contained within the RFI #2 and RFI #3, as required by 12 C.F.R. § 1024.36(d)(1), within the applicable statutory deadlines contained in 12 C.F.R. § 1024.36(d)(2)(i).

81.     Plaintiff incurred fees and costs to have counsel prepare and send NOE #1, NOE #2, and NOE #3 on his behalf to Mr. Cooper at the Designated Address, which would not have been necessary, in part, but for Mr. Cooper's failure to properly respond to RFI #2 and RFI #3. *See Exhibits 11, 13, and 15*.

82.     Mr. Cooper's actions, in failing to provide proper written correspondence to Plaintiff in response to RFI #2 and RFI #3 by its respective response deadlines, constitute at least two (2) willful violations of 12 C.F.R. § 1024.36(d), one for each such request to which Mr. Cooper failed to properly respond.

83.     Mr. Cooper's actions are believed to be a pattern and practice of behavior in conscious disregard for Plaintiff's rights.

84.     As a result of Mr. Cooper's actions, Mr. Cooper is liable to Plaintiff for statutory damages and actual damages as further described, *supra*, including, but not limited to incurring

costs and fees for the preparation and mailing of NOE #1, NOE #2, and NOE #3, which would not have been necessary, in part, but for Mr. Cooper's failure to properly respond to RFI #2 and RFI #3. *See Exhibits 11, 13, and 15*; see also 12 U.S.C. § 2605(f)(1).

85.     Additionally, Plaintiff requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

**COUNT FOUR:**
**VIOLATIONS OF 12 C.F.R. §§ 1024.35(d) AND 12 U.S.C. § 2605(k)(1)(E)**

**[Failure to send written notice acknowledging receipt of two (2) separate notices of error]**

86.     Plaintiff restates and incorporates his statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein.

87.     12 C.F.R. § 1024.35(d) provides that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving a notice of error from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the notice of error."

88.     12 U.S.C. § 2605(k)(1)(E) provides that "[a] servicer of a federally related mortgage shall not … fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

89.     NOE #1 and NOE #2 each constitute a notice of error as defined by 12 C.F.R. § 1024.35(a) as each is a "written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred." *See Exhibits 11 and 13.*

90.     Plaintiff sent NOE #1 and NOE #2 to the Designated Address and Mr. Cooper received each of the same at such address. *See Exhibits 11, 12, 13, and 14*.

91.     Mr. Cooper failed to send written notice acknowledging its receipt of NOE #1 and NOE #2 in a timely manner as required by 12 C.F.R. § 1024.35(d) which constitutes two (2) clear, distinct, and separate violations of the same, one (1) such violation for each of the notices of error that Mr. Cooper failed to timely acknowledge in writing.

92.     Mr. Cooper's actions in failing to acknowledge NOE #1 and NOE #2 are part of a pattern and practice of behavior in violation of Plaintiff's rights and in abdication of Mr. Cooper's responsibilities under RESPA.

93.     As a result of Mr. Cooper's actions, Mr. Cooper is liable to Plaintiff for statutory damages and actual damages as further described, *supra*, including but not limited to but not limited to costs and fees for the preparation and mailing of NOE #2 and NOE #3 which would not have been necessary, in part, but for Mr. Cooper's failure to properly acknowledge and respond to NOE #1 and NOE #2. 12 U.S.C. § 2605(f)(1). *See Exhibits 11, 13, and 15*; see also 12 U.S.C. § 2605(f)(1).

94.     Additionally, Plaintiff requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

## COUNT FIVE:
**VIOLATIONS OF 12 C.F.R. § 1024.35(e), 12 U.S.C. §§ 2605(k)(1)(C) and (E)**

**(Failure to timely and properly respond to two (2) separate notices of error)**

95.     Plaintiff restates and incorporates his statements and allegations contained in paragraphs 1 through 51 in their entirety, as if fully rewritten herein.

96.     12 C.F.R. § 1024.35(e)(3) provides, in relevant part:

(i) *In general.* A servicer must comply with the requirements of paragraph (e)(1) of this section:

    (A) Not later than seven days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the notice of error for errors asserted under paragraph (b)(6) of this section.

[…]

    (C) For all other asserted errors, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the applicable notice of error.

(ii) *Extension of time limit.* For asserted errors governed by the time limit set forth in paragraph (e)(3)(i)(C) of this section, a servicer may extend the time period for responding by an additional 15 days (excluding legal public holidays, Saturdays, and Sundays) [emphasis added] if, before the end of the 30-day period, the servicer notifies the borrower of the extension and the reasons for the extension in writing. A servicer may not extend the time period for responding to errors asserted under paragraph (b)(6), (9), or (10) of this section.

97.    12 U.S.C. § 2605(k)(1)(D) provides that a servicer of a federally related mortgage shall not "[f]ail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan."

98.    12 U.S.C. § 2605(k)(1)(E) provides that a servicer of a federally related mortgage shall not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter."

99.    NOE #1 and NOE #2 each constitute a notice of error as defined by 12 C.F.R. § 1024.35(a) as each is a "written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's

mortgage loan account, and the error the borrower believes has occurred." *See Exhibits 11 and 13.*

100.    Plaintiff sent NOE #1 and NOE #2 to the Designated Address and Mr. Cooper received each of the same at such address. *See Exhibits 11, 12, 13, and 14*.

101.    Mr. Cooper failed to send written responses to NOE #1 and NOE #2 in a timely manner as required by 12 C.F.R. § 1024.35(e) which constitutes two (2) clear and distinct violations of the same, one (1) such violation for each of the notices of error to which Mr. Cooper failed to respond in writing.

102.    Mr. Cooper's actions in failing to send a written response to NOE #1 and NOE #2 are part of a pattern and practice of behavior in violation of Plaintiff's rights and in abdication of Mr. Cooper's responsibilities under RESPA.

103.    As a result of Mr. Cooper's actions, Mr. Cooper is liable to Plaintiff for statutory damages and actual damages as further described, *supra*, including but not limited to but not limited to costs and fees for the preparation and mailing of, in part, NOE #2 and NOE #3 which would not have been necessary but for Mr. Cooper's failure to properly acknowledge and respond to NOE #1 and NOE #2. 12 U.S.C. § 2605(f)(1). *See Exhibits 11, 13, and 15*; see also 12 U.S.C. § 2605(f)(1).

104.    Additionally, Plaintiff requests reasonable attorneys' fees and costs incurred in connection with this action. 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Rory Jech respectfully requests that this Court enter an order granting Judgment against Defendant Nationstar Mortgage, LLC d.b.a Mr. Cooper for the

following:

A.    For actual damages in an amount to be determined at trial as to all Counts;

B.    For statutory damages of Two Thousand Dollars ($2,000.00) for each of the eight

(8) violations of RESPA contained in Count Two through Five for a total of

Sixteen Thousand Dollars ($16,000.00);

C.    For reasonable attorneys' fees and costs; and,

D.    For all other relief this Court may deem just and proper.

*Respectfully submitted,*

*/s/ Marc E. Dann, Esq.*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Whitney P. Horton (0098224)
DannLaw
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Rory Jech*

## JURY DEMAND

Plaintiff Rory Jech hereby respectfully demands a trial by jury on all such claims that may be so tried.

/s/ Marc E. Dann, Esq.
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Whitney P. Horton (0098224)
DannLaw
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Rory Jech*